**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTYN KASPRZYK, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:17-cv-08523 |
| v. | ) | |
| | ) | Judge Charles R. Norgle, Sr. |
| AXIOM FINANCIAL LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>REGIONS DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Regions Mortgage, Inc. and Regions Financial Corporation ("Regions Defendants") move to dismiss Counts I–V of the Amended Complaint (Dkt. 35). In support of their motion, the Regions Defendants state as follows:

1. On November 27, 2017, Plaintiff Augustyn Kasprzyk ("Plaintiff") filed the original complaint alleging the following five counts against all defendants: Count I—violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. § 1962(c); Count II—violation of RICO 18 U.S.C. § 1962(d); Count III—violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) 810 ILCS 505/1–505/12; Count IV—Civil Conspiracy; and Count V—intentional infliction of emotional distress.

2. On March 3, 2018, Defendants Aspen Shackleton III, LLC and Gregory Funding LLC (collectively, "Aspen"), filed a motion to dismiss the original complaint (Dkt. 13).

3. On April 2, 2018, the Regions Defendants filed a motion to dismiss Plaintiff's original complaint (Dkt. 21). On the same day, Defendants American Home Mortgage Servicing, Inc., Homeward Residential Holdings, Inc., Ocwen Loan Servicing, LLC, and U.S. Bank National Association, also moved to dismiss the original complaint (Dkt. 18).

4. Instead of responding to the motions to dismiss, Plaintiff filed the Amended Complaint (Dkt. 35) on June 5, 2018, without leave of court. The filing of the Amended Complaint violated Federal Rule of Civil Procedure 15(a)(1)(B) because it was filed more than 21 days after the various motions to dismiss were filed.

5. Counts I–V of the Amended Complaint directed at all Defendants are the same as the causes of action in the original complaint. The Amended Complaint also adds Counts VI–VIII against Aspen.

6. Plaintiff's Amended Complaint is deficient for the same reasons as the original complaint and must be dismissed on the same grounds. The claims against the Regions Defendants (Counts I–V) must be dismissed with prejudice pursuant to Rule 12(b)(6) because they are barred by *res judicata* and the applicable statutes of limitations, and because Plaintiff fails to satisfy the pleading standards of Rules 8(a) and 9(b).

7. Plaintiff's claims should also be dismissed with prejudice under Rule 12(b)(1) because this court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

8. Plaintiff's Amended Complaint arises from the issuing of a mortgage loan to Plaintiff on or around July 27, 2006 ( Amended Complaint ("Am. Comp."), at 14 ¶ 53), the subsequent foreclosure on the mortgage, and Defendants' allegedly improper conduct in connection with these events. Prior to the instant lawsuit, Plaintiff faced two other foreclosure suits related to the same loan and mortgage.

9. In 2006, Accredited Home Lenders, Inc. (a defendant in this matter) commenced a foreclosure action against Plaintiff based on the same loan and mortgage ("2006 Foreclosure"). (*See* Dkt. 14-3, Docket from 2006 Foreclosure; Dkt. 14-2 at 9–17). Plaintiff began contesting the 2006 foreclosure with counsel by August 1, 2007. (*See* Exhibit 1 to Regions Defendants

Memorandum in Support of Motion to Dismiss Amended Complaint.) The 2006 Foreclosure was voluntarily dismissed.

10. In 2015, Defendant Aspen Shackleton III LLC commenced a foreclosure action against Plaintiff based on the same loan and mortgage at issue in this case ("2015 Foreclosure"). (Am. Comp., at 15 ¶ 69). Final judgment was entered in the 2015 Foreclosure on December 11, 2017. (Dkt. 14-1, Order Confirming Sale.)

11. Because Plaintiff raised (or could have raised) many of the issues now part of this case in the underlying foreclosures, Plaintiff's claims in the present action are barred by *res judicata*. FED. R. CIV. P. 12(b)(6).

12. The Amended Complaint is also barred by the *Rooker-Feldman* doctrine because Plaintiff is effectively seeking review of the Illinois state court's judgment in the 2015 Foreclosure in this federal district court. FED. R. CIV. P. 12(b)(1).

13. The Amended Complaint should also be dismissed because each of Plaintiff's claims fall far outside the applicable statutes of limitations. FED. R. CIV. P. 12(b)(6). Each of Plaintiff's claims accrued in August 2007, when Plaintiff's own allegations establish that he knew of his injury. Thus, beginning in August 2007, Plaintiff had four years to bring his RICO claims, five years to bring his conspiracy claim, three years to bring his ICFA claim, and two years to bring his emotional distress claim. The latest claim Plaintiff could have asserted would have been for civil conspiracy in 2012.

14. Finally, the Amended Complaint should be dismissed because Plaintiff failed to meet the federal pleading standards for each of his claims. FED. R. CIV. P. 12(b)(6). Counts I–IV of the complaint sound in fraud and thus must meet the heightened pleading standards of Rule 9(b). These counts against the Regions Defendants are fundamentally deficient because Plaintiff

fails to plead any specific facts regarding the Regions Defendants' allegedly fraudulent activity. The Regions Defendants are specifically mentioned only three times in the complaint, and there are no allegations related to any specific action taken by the Regions Defendants or their role in the alleged fraudulent scheme.

15. Counts I–IV also contain pleading deficiencies that are specific to each count. Plaintiff's RICO claims (Counts I and II) fail to adequately allege an "enterprise," a "pattern of racketeering activity," mail or wire fraud, or a RICO injury.

16. Count III for violation of the ICFA also fails to satisfy the particularity standard of Rule 9(b) because it contains no factual details regarding the Regions Defendants' role in the alleged conduct. And Plaintiff fails to allege that the purported unlawful conduct was the proximate cause of his injury.

17. Count IV for civil conspiracy must be dismissed because Plaintiff fails to plead any factual details related to an agreement involving the Regions Defendants, fails to identify an underlying tort, and fails to allege that the unlawful conduct caused his injury.

18. Count V for intentional infliction of emotional distress should be dismissed because Plaintiff fails to allege the operative facts upon which his claim is based. Plaintiff only sets forth conclusory allegations that Defendants' conduct in acting out the enterprise was extreme and outrageous, that the conduct was willful and knowing, and that he suffered severe emotional distress.

WHEREFORE, for these reasons and as more fully set forth in the Regions Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint, Defendants Regions Mortgage, Inc. and Regions Financial Corporation respectfully request that this Court dismiss

Plaintiff's Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for such other relief as this court deems just and proper.

        Respectfully submitted,

        **REGIONS MORTGAGE, INC.**
        **REGIONS FINANCIAL CORPORATION**

        By:    /s Chelsea A. McCarthy
                One of Its Attorneys

Chelsea A. McCarthy
William F. Farley
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603
312-263-3600
chelsea.mccarthy@hklaw.com
william.farley@hklaw.com

### **CERTIFICATE OF SERVICE**

  The undersigned certifies that on **June 18, 2018**, a true and correct copy of the foregoing **Regions Defendants' Motion to Dismiss Amended Complaint** was electronically transmitted using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

                 /s Chelsea A. McCarthy