PH

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Augustyn Kasprzyk, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-8523 |
| v. ) | |
| ) | |
| Axiom Financial LLC, et al., ) | Hon. Charles R. Norgle |
| ) | |
| Defendants. ) | |

## ORDER

    Before the Court is Aspen Shackleton III, LLC and Gregory Funding LLC's ("Defendants")[1] motion to dismiss Augustyn Kasprzyk's ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6). The Amended Complaint contains eight claims related to a 2006 mortgage loan: RICO violations under 1962(c) and (d); Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); civil conspiracy; intentional infliction of emotional distress ("IIED"); trespass; violations of the Fair Debt Collection and Practices Act ("FDCPA"); and violations of the Real Estate Settlement Procedures Act ("RESPA"). For the following reasons, the Court grants Defendants' motion to dismiss.

    The present case was filed after an Illinois State Court entered judgment against Plaintiff. On July 20, 2006, Defendant Axiom Financial Services loaned Plaintiff $764,800, which was secured by a mortgage on real estate located in Chicago, Illinois. Thereafter, Accredited Home Lenders, Inc., as assignee to the loan, foreclosed on the loan after Plaintiff defaulted in late 2006. After the foreclosure action was voluntarily dismissed in 2006, Aspen Shackleton III LLC, as assignee, reinitiated the foreclosure action in December 2014. Am. Compl. ¶¶ 53-69. On June 7, 2017, the Circuit Court of Cook County entered judgment of foreclosure and order of sale—which for the purposes relevant here, disposed of the issues and rendered them final. See Aspen Shackleton III LLC v. Augustyn Kasprzyk, UM Capital LLC, Tom Macadam, Unknown Owners and Non-Record Claimants, Case No. 15 CH 6764 (Cir. Ct. Cook. Co. Ill.) (the docket does not reflect that the judgment was appealed in the state court); Balogh v. Deutsche Bank National Trust Co., 2017 WL 5890878, * 5 (N.D. Ill. 2017).[2]

    Defendants argue that this lawsuit is a collateral attack on the state foreclosure action and thus the Rooker-Feldman doctrine mandates that the Court abstain from adjudicating this case. Plaintiff, however, asserts the doctrine does not apply because none of the "other" Defendants

---

[1] Aspen Shackleton III, LLC and Gregory Funding LLC are the remaining Defendants in this case. On July 29, 2018, by stipulation, the Court entered an order dismissing many of the originally named Defendants in this case. Dkt. 50. Former Defendants (now dismissed) are referred to in this opinion to provide factual context. Additionally, Plaintiff has entered, what is styled as a "Notice of Voluntary Dismissal" on the docket, Dtk. 74, without providing the proper notice. The Court construes Plaintiff's entry as a motion to voluntarily dismiss Axiom Financial, LLC.

[2] Under Fed. R. Evid. 201, the Court takes judicial notice of the state court judgment. See Fed. R. Evid. 201; Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir.1983).

were parties to the state foreclosure action and his current complaint is not seeking to attack the foreclosure judgment—rather, he contents he is seeking monetary damages. Resp. 11-12. Furthermore, in addition to their arguments under 12(b)(1), Defendants argue that Plaintiff's claims are insufficiently pleaded and barred by the applicable statute of limitations.

The Court must consider the applicability of the Rooker–Feldman doctrine before considering any other affirmative defenses. Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir.1996). If the Rooker–Feldman doctrine applies, the Court must dismiss the suit for lack of subject matter jurisdiction under Rule 12(b)(1), Frederiksen v. City of Lockport, 384 F.3d 437, 439 (7th Cir. 2004). The Rooker–Feldman doctrine, articulated by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), is a jurisdictional rule directing that only the Supreme Court of the United States may review the judgment of a state court in civil litigation.

Under Rooker-Feldman, federal district courts cannot hear cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir.2000); see also Taylor v. Fed. Nat'l Mortgage Ass'n, 374 F.3d 529, 532-33 (7th Cir. 2004) (finding that Rooker–Feldman barred the plaintiff from attacking state-court foreclosure judgment as well as claims that are "inextricably intertwined" with the state court decision); Aguilera v. Freedman, Anselmo, Lindberg & Rappe, LLC, 2011 WL 2292302, at *5 (N.D. Ill. June 8, 2011) (finding that Rooker–Feldman barred the plaintiff from bringing federal claims attacking state-court judgment); Sappington v. Deutsche Bank Nat'l Tr. Co., 2016 WL 3406403, at *3 (N.D. Ill. June 21, 2016) ("Rooker-Feldman is concerned…with which federal court is authorized to intervene because the reason a litigant gives for contesting the state court's decision cannot endow a federal district court with such authority.") (internal quotations omitted); see also Kelley v. Med-1 Sols., LLC, 548 F.3d 600, 603 (7th Cir. 2008) ("A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court.").

Defendants argue that Plaintiff's claims could have been properly brought in state court during the foreclosure proceedings. M. Dismiss 10 (quoting Gilbert v. Illinois State Board of Education, 591 F.3d 896, 901 (7th Cir. 2010) ("State courts possess not only the authority but also the duty to enforce federal law.")). Plaintiff does not indicate that he was prevented from having a reasonable opportunity to bring his claims in state court. If he was prevented "such an opportunity, it is impossible to conclude that the issue was inextricably intertwined with the state court judgment." Long, 182 F.3d at 558.

Plaintiff's claims depend on the alleged fraudulent acts related to the securitization of his loan and subsequent attempts to collect payments pursuant to the loan. Said differently, the thrust of Plaintiff's compliant is that the foreclosure should not have occurred. The RICO claims are premised on the process in which Defendants originated Plaintiff's loan and the purported fraudulent actions taken by Defendants during the process. See Am. Compl. ¶¶ 125, 131, 133. Plaintiff's claim brought under the ICFA involve Defendants' attempts to collect payments pursuant to the loan and alleges deceptive actions which led to the foreclosure. Id. ¶¶ 141, 142. The allegations underlying the civil conspiracy claim also involve Defendants' attempts to collect loan payments. Id. ¶ 146. In particular, the following claims are directly related to the foreclosure:

IIED ("Plaintiff has endured…distress resulting in…the loss of the Property" (Id. ¶ 151)), trespass ("Defendants put up signs on Plaintiff's property and continuously sought access to Plaintiff's home" (Id. ¶ 153); FDCPA ("Defendants…placed signs on Plaintiff's property thereby advertising that the Plaintiff's home was in foreclosure." (Id. ¶ 158)); and RESPA ("Defendants continued to proceed with the foreclosure in violat[ion] of RESPA." (Id. ¶ 162)).

Federal courts consistently dismiss complaints like Plaintiff's, which by its nature and substance is attempting to challenge a state court foreclosure judgment. See, e.g., Scully v. Citizens Bank N.A., No. 15 C 9665, 2016 WL 1588509 (N.D. Ill. Apr. 19, 2016); Allen v. Heritage Place Homeowners Ass'n, No. 13 CV 5227, 2014 WL 2700843 (N.D. Ill. June 13, 2014); Frances v. Fed. Nat. Mortgage Ass'n, No. 14 C 00288, 2014 WL 2109892 (N.D. Ill. May 20, 2014). Here too, Plaintiff's claims involve events that are connected to the foreclosure action. Plaintiff asserts that he is not attempting to overturn the state court foreclosure judgment because he is seeking only monetary damages and is not seeking to reclaim the property. Even so, Plaintiff's claims are inextricably intertwined with the state court judgment and thus are barred. See Feldman, 460 U.S. at 483-84 n. 16. At its core, the Amended Complaint does not contain claims independent of the state court foreclosure action. Plaintiff's alleged injuries are related in some manner to the state court judgment and the alleged Defendants' action are all related as well. In other words, Plaintiff has provided no facts that are distinct from the state court action.

Accordingly, Rooker-Feldman applies to all Plaintiff's claims, and therefore, the Court lacks subject-matter jurisdiction over this case. Thus, this case is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 25, 2019

3